**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | Case No. 2:06-cr-0032 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| **FREDERICK J. AKINS,** | : | |
| Defendant. | : | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter comes before the Court on Defendant Frederick J. Akins' Motion for a New Trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  For the following reasons, the Court **DENIES** Defendant's Motion.

**II.  BACKGROUND**

On February 2, 2002, a federal grand jury returned an indictment against Defendant on three criminal charges:  possessing with intent to distribute marijuana ("Count 1"), using or carrying a firearm during and in relation to a drug trafficking crime ("Count 2"), and being a convicted felon in possession of a firearm ("Count 3").  Subsequently, Defendant entered a guilty plea as to Count 1.  On May 24, 2006, a jury returned guilty verdicts against Defendant as to Counts 2 and 3 following a three-day trial.

On May 30, 2006, Defendant filed a Motion for a New Trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  The Government timely responded to Defendant Motion on June 6, 2006.  Accordingly, this matter is ripe for decision.

**III.  STANDARD OF REVIEW**

Rule 33(a) of the Federal Rules of Criminal Procedure provides, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a).  In general, a Rule 33 motion for new trial "attacking the weight of the evidence is a discretionary matter.  The Court should exercise such discretion only in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (citations omitted).

### IV.  ANALYSIS

Defendant contends that this Court should grant his motion for a new trial because the jury did not weigh the evidence presented at trial appropriately.  According to Defendant, the jury's verdict was based largely on the trial testimony of Robert McKinney, a witness who the Defendant actually called at trial.  Defendant argues that the firearm the police recovered from him was actually McKinney's, and that the jury did not consider adequately McKinney's poor credibility before it rendered its guilty verdicts.

It is well settled that our tradition of criminal justice, "embodied in the United States Constitution and in federal statutes, makes jurors the judges of the credibility of testimony offered by witnesses.  It is for them, generally, and not for [] courts, to [determine whether] a particular witness spoke the truth or fabricated a cock-and-bull story." *United States v. Bailey*, 444 U.S. 394, 414–15 (1980).  In this case, this Court finds that the jury did not have to believe McKinney's trial testimony in order to convict Defendant.  They could have found Defendant guilty based upon the trial testimony of Officer France, one of the arresting officers.  Among other things, Officer France testified that on the night of Defendant's arrest, when he approached

Defendant, who was asleep in the passenger seat of a vehicle, Officer France observed that Defendant's right hand was holding the handle of the firearm with his right index finger inside the trigger guard. Officer France also testified that Defendant's left hand was wrapped around the muzzle of the firearm. The jury here did not have any reason to disbelieve Officer France's testimony, and it could very well have returned guilty verdicts against Defendant on the firearm possession charges based upon it. Therefore, this Court will not disturb the jury's finding of guilt because of any of McKinney's alleged credibility issues. *See Ashworth*, 836 F.2d at 266 ("A verdict may well be against the great weight of the evidence, but, nevertheless, be substantial enough to permit reasonable jurors to draw an inference of guilt.") (quoting *United States v. Turner*, 490 F. Supp. 583 (E.D. Mich. 1979)).

Defendant also claims that he is entitled to a new trial because the jury may have been prejudiced due to the facts that Defendant had a prior felony record and that Defendant previously had pled guilty to Count 1. Not surprisingly, Defendant does not cite any legal authority that enables the Court to award him a new trial on that basis. Furthermore, Defendant does not point to anything more than his own mere speculation that the jury was so prejudiced. Thus, this issue does not warrant a new trial.

Finally, Defendant attempts to persuade the Court that he is not guilty of Counts 2 and 3 by referencing his private polygraph examination results. Generally, however, the Sixth Circuit has prohibited the use of polygraph results to prove a party's innocence. *United States v. Sherlin*, 67 F.3d 1208, 1216 (6th Cir. 1995); *Barnier v. Szentmiklosi*, 810 F.2d 594, 597 (6th Cir. 1987). Because Defendant's polygraph examination results likely are inadmissible in court, it would be inappropriate for this Court to grant Defendant's Motion for a New Trial based upon

those results.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for a New Trial is **DENIED**.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY, JUDGE**
**United States District Court**

**DATE: September 1, 2006**